**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| 9-M CORP., INC., DAISY S. CHRISTIE, and JANICE IRENE FLOWERS, for themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No. _____ ) |
| SPRINT COMMUNICATIONS COMPANY, L.P., QWEST COMMUNICATIONS COMPANY, LLC, and WILTEL COMMUNICATIONS, LLC, | ) **JURY DEMANDED** ) ) ) ) |
| Defendants. | ) |

**STATEWIDE CLASS ACTION COMPLAINT**

Plaintiffs 9-M Corp., Inc., Daisy S. Christie, and Janice Irene Flowers ("Plaintiffs"), and all others similarly situated, for their cause of action against Sprint Communications Company, L.P., Qwest Communications Company, LLC, and WilTel Communications, LLC (collectively "Defendants"), state as follows:

**Jurisdiction**

1. This Court has jurisdiction over the causes of action in this case under 28 U.S.C. § 1332(a). There is complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds Seventy-five Thousand Dollars ($75,000.00).

2. Additionally, or in the alternative, this Court has jurisdiction pursuant to 28 U.S.C. § 1331, because a substantial portion of the rights of way at issue in Minnesota were originally granted to railroads by the United States government under various federal land grants, and this action therefore presents a substantial federal question.

**The Parties**

3.    9-M Corp., Inc. is a Minnesota corporation with its principal place of business in Minnesota, and owns land in fee simple located in Dakota County, Minnesota, burdened by a railroad right of way. One or more of the Defendants entered upon that land, excavated it, and installed a Telecommunications Cable System within the railroad right of way encumbering it.

4.    Daisy S. Christie is a citizen of Minnesota and owns land in fee simple located in Dakota County, Minnesota, burdened by a railroad right of way. One or more of the Defendants entered upon that land, excavated it, and installed a Telecommunications Cable System within the railroad right of way encumbering it.

5.    Janice Irene Flowers is a citizen of Minnesota and owns land in fee simple located in Dakota County, Minnesota, burdened by a railroad right of way. One or more of the Defendants entered upon that land, excavated it, and installed a Telecommunications Cable System within the railroad right of way encumbering it.

6.    Defendant Sprint Communications Company, L.P. ("Sprint") is a Delaware limited partnership, with its principal place of business in Kansas. Sprint's partners are, upon information and belief, US Telecom, Inc., a Kansas corporation with its principal place of business in Kansas, UCOM, Inc., a Missouri corporation with its principal place of business in Kansas, UTELCOM, Inc., a Kansas corporation with its principal place of business in Kansas, and Sprint International Communications Company, a Delaware corporation with its principal place of business in Virginia. Sprint, by itself or through its divisions, subsidiaries, affiliates, joint-venture partners, agents or otherwise, owns and operates telecommunications equipment – including fiber-optic and other telecommunications cable – and provides telecommunications and related services in Minnesota and throughout the United States. Sprint is legally responsible for the acts of its subsidiaries, affiliates, joint-venture partners, agents, and predecessors in

interest that are described in this Complaint, including specifically Sprint Communications Company, L.P., US Telecom, Inc., UCOM, Inc., UTELCOM, Inc., and Sprint International Communications Corporation.

7. Defendant Qwest Communications Company, LLC ("Qwest") is a Delaware single-member limited liability company with its principal place of business in Louisiana. Qwest Communications Company, LLC's sole member is Qwest Services Corporation, which is a Colorado corporation with its principal place of business in Louisiana. Qwest, by itself or through its divisions, subsidiaries, affiliates, joint-venture partners, agents or otherwise, owns and operates telecommunications equipment – including fiber-optic and other telecommunications cable – and provides telecommunications and related services in Minnesota and throughout the United States. Qwest is legally responsible for the acts of its subsidiaries, affiliates, joint-venture partners, agents, and predecessors in interest that are described in this Complaint, including specifically Qwest Communications International, Inc. and Southern Pacific Telecommunications Company.

8. Defendant WilTel Communications, LLC, ("WilTel") is a Delaware single-member limited liability company, with its principal place of business in Colorado. WilTel Communications, LLC's only member is Level 3 Communications, LLC. Level 3 Communications, LLC is also a Delaware single-member, limited liability company with its principal place of business in Colorado. Level 3 Communications, LLC's only member is Level 3 Financing, Inc., which is a Delaware corporation with its principal place of business in Colorado and is a wholly owned subsidiary of Level 3 Communications, Inc. Level 3 Communications, Inc. is a publicly-traded Delaware corporation with its principal place of business in Colorado. WilTel, by itself or through its divisions, subsidiaries, affiliates, joint-

venture partners, agents or otherwise, owns and operates telecommunications equipment—including fiber-optic and other telecommunications cable—and provides telecommunications and related services in Minnesota and throughout the United States. WilTel is legally responsible for the acts of its subsidiaries, affiliates, joint venture partners, agents, and predecessors in interest, including Level 3 Communications, Inc., Level 3 Telecom Holdings, Inc., WilTel Communications, Inc., WilTel Communications, LLC, and Williams Communications, LLC, f/k/a Williams Communications, Inc., f/k/a Vyvx, Inc.

## General Factual Allegations

9. Defendants are companies engaged in Minnesota and throughout the United States in the installation, maintenance, and commercial use of fiber-optic cable telecommunications systems. In constructing those telecommunications systems, Defendants buried their fiber-optic cable and installed related telecommunications equipment ("Telecommunications Cable Systems") within railroad rights of way ("Rights of Way") all across Minnesota. The telecommunications company first completing a nationwide network using the new and improved fiber-optic technology would enjoy significant competitive and economic advantages over its competitors. In their efforts to install the Telecommunications Cable Systems as quickly and inexpensively as possible, Defendants chose to ignore the property rights of Plaintiffs and other members of the Class defined herein. Plaintiffs and other members of the Class in fact owned the land underlying or adjacent to the railroad Rights of Way at issue, and Defendants did not seek Plaintiffs' or other Class members' permission or pay them any compensation for the installation, maintenance, and use of their Telecommunications Cable Systems.

10. Rather, without notifying Plaintiffs and Class members, Defendants entered into agreements with several railroads in Minnesota and across the country, including, but not limited

to Union Pacific Railroad Company, BNSF Railway Company, Consolidated Rail Corporation, CSX Transportation, Inc., and Norfolk Southern Railway Company (collectively "the Railroads"). Under those agreements, Defendants paid the Railroads for the purported right to install their Telecommunications Cable Systems within the Rights of Way at issue.

11.     But those Rights of Way are limited in scope to *railroad purposes*. They may not be used for any purpose other than operating a railroad. Burying fiber-optic cable, installing related equipment, and maintaining and using those components as part of a commercial-telecommunications business, are outside this limited scope. The Railroads therefore could not lawfully transfer, assign, or apportion to Defendants the use of the Rights of Way for commercial-telecommunications purposes, and Defendants should have negotiated with and paid Plaintiffs and members of the Class—not the Railroads—for the right to install their Telecommunications Cable Systems within the Rights of Way.

12.     Defendants did not inform Plaintiffs or other Class members of their intent to enter upon their land or to install, maintain, and use Telecommunications Cable Systems within the Rights of Way. Nor did Plaintiffs and the Class members give Defendants or the Railroads permission to enter upon their land, exceed the scope of the Rights of Way, or install, maintain, or use a Telecommunications Cable Systems within the Rights of Way.

## Class Action Allegations

13.     This action is brought by Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, under the provisions of Fed. R. Civ. P. 23.

14.     Plaintiffs represent a Class ("the Class") consisting of all persons or entities who own or owned, or held any interest in, real property underlying or adjacent to the cable side of a railroad right of way on which Sprint, and/or Qwest, and/or WilTel have entered to install or maintain a fiber-optic or other telecommunications cable. Excluded from the Class are

Defendants, all state and federal governments and their agencies, any Indian tribe, and the trial judge.

15. This action seeks recovery only for economic losses suffered by Plaintiffs and members of the Class and expressly is not intended to request any recovery for personal injury.

16. Pursuant to F. R. Civ. P. 23(a)(1), the Class is so numerous that the individual joinder of all members is impracticable. Although an exact number is unknown, Plaintiffs believe there are at least hundreds, and likely several thousands, of Class members geographically dispersed throughout Minnesota.

17. Pursuant to F. R. Civ. P. 23(a)(2), there are questions of fact and law common to all members of each proposed Class, and these common questions predominate over any questions affecting individual Class members.

18. Pursuant to F. R. Civ. P. 23(a)(3), Plaintiffs' claims are typical of the claims of the proposed Class. Plaintiffs have been injured by the same common course of wrongful conduct by Defendants that has damaged the other members of the Class.

19. Pursuant to F. R. Civ. P. 23(a)(4), Plaintiffs will fairly, fully, and adequately protect the interests of the members of the Class, and have retained competent counsel experienced in prosecuting complex class-action litigation. Plaintiffs have no interests that conflict with, or are adverse to, other members of the Class.

20. Pursuant to Fed R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications with respect to individual members of the Class that could establish incompatible standards of conduct for Defendants, or which could, as a practical matter, be dispositive of the interests of non-parties.

21.     Pursuant to Fed R. Civ. P. 23(b)(3), questions of law and fact are common to all members of the Class and predominate over any questions affecting only individual members, such that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by the individual members of the Class may be relatively small, the burden and expense of individual prosecution of this complex and extensive litigation makes it impractical for individual Class members to seek redress for the wrongful conduct alleged here.  Absent a class action, Defendants likely would retain the benefits of their wrongdoing.  In addition, individual litigation would increase the delay and expense to all parties and to the court system.  By contrast, the class-action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

22.     Plaintiffs anticipate no unusual difficulties in the management of this litigation as a class action.

## COUNT I

### (To Recover Damages for Trespass)

23.     Plaintiffs hereby incorporate by reference and reallege the jurisdictional allegations, party allegations, and general factual allegations contained in paragraphs 1 through 12 of this Complaint, as fully set forth herein.

24.     By Defendant's entry upon the Rights of Way, and by their installation, maintenance, and use of Telecommunications Cable Systems within the Rights of Way, all without permission or right given by Plaintiffs and members of the Class, Defendants have committed a continuing and permanent trespass on Plaintiffs' and Class members' land.

25.     At all times, Defendants knew, or had reason to know, that the Railroads did not have the authority to grant Defendants the legal right to install, maintain, or use

Telecommunications Cable Systems on Plaintiffs' and Class members' land. Nonetheless, through concerted action, each Defendant entered into agreements with the Railroads providing for Defendants' installation, maintenance, and use of Telecommunications Cable Systems on land belonging to Plaintiffs and members of the Class, and further providing for Defendants to pay the Railroads monies over a period of years for the purported right to install, maintain, and use Telecommunications Cable Systems on land belonging to Plaintiffs and members of the Class.

26. As a direct and proximate result of their trespass upon the land of Plaintiffs and members of the Class, Defendants have realized substantial revenue and profits from the commercial occupation and use of said land, but have failed to pay any part of said revenue and profits to Plaintiffs and Class members.

27. As a proximate result of the trespass of Defendants on their land, Plaintiffs and members of the Class have been damaged, including by the diminution in the value of their land, diminished rental value, and deprivation of their right to determine possession and use of their land. Plaintiffs and the Class members are therefore entitled to an award of compensatory damages from Defendants in an amount to be proved at trial.

## COUNT II

**(To Recover Profits From Unjust Enrichment)**

28. Plaintiffs hereby incorporate by reference and reallege the jurisdictional allegations, party allegations, and general factual allegations contained in paragraphs 1 through 12 of this Complaint as fully set forth herein.

29. As a result of Defendants' unlawful use and occupation of their land—all through the assistance and ineffectual authorization of the Railroads—Plaintiffs and other Class members have conferred a benefit on Defendants. Defendants' unlawful commercial use and occupation

of Plaintiffs and other Class members' land—by installing, maintaining, and using Telecommunications Cable Systems—has resulted in Defendants' receipt and retention of millions of dollars in the form of rents, profits, and other benefits properly payable to Plaintiffs and other members of the Class.

30. Defendants have knowledge of the benefits conferred on them by Plaintiffs and other Class members through Defendants' unlawful commercial use and occupation of Plaintiffs and other Class members' land.

31. Defendants have been unjustly enriched by their receipt and retention of millions of dollars in rents, profits, and other benefits properly payable to Plaintiffs and other Class members and, under the circumstances and in good conscience, Defendants ought not be allowed to retain those rents, profits, and benefits.

32. Plaintiffs and Class members are entitled to a judgment requiring Defendants to disgorge and pay to them all sums they have received that are properly due and owing to Plaintiffs and Class members as rents, profits, and other benefits incidental to ownership of their land, as restitution for the unjust enrichment of Defendants.

## COUNT III

**(To Recover Damages For Slander of Title)**

33. Plaintiffs hereby incorporate by reference and reallege the jurisdictional allegations, party allegations, and general factual allegations contained in paragraphs 1 through 12 of this Complaint, as fully set forth herein.

34. In the license agreements between Defendants and the Railroads, in Defendants' agreements with the Railroads regarding use of the Rights of Way or Telecommunications Cable Systems, in publicly-filed or published documents, and in their acts of placing signs and posts marking the location of the fiber-optic cable, Defendants have made false and unfounded

statements indicating or suggesting that they possess a right of occupancy or use of property owned by Plaintiffs and other members of the Class.

35. Defendants' statements concerning their alleged interest in the real property of Plaintiffs and other members of the Class were made with knowledge or reckless disregard of their falsity.

36. As a result of Defendants' slander of the title or interest of Plaintiffs and other Class members in the Rights of Way, Plaintiffs and members of the Class have sustained damages in the form of loss of use of their property, loss in marketable value of their property, and attorneys' fees and expenses necessary to obtain a judicial declaration that the titles of Plaintiffs and other Class members are free and clear of any interest or right of use, possession or occupancy by Defendants.

## COUNT IV

**(Injunctive and Declaratory Relief)**

37. Plaintiffs hereby incorporate by reference and reallege the jurisdictional allegations, party allegations, and general factual allegations contained in paragraphs 1 through 12 of this Complaint, as fully set forth herein.

38. Plaintiffs and members of the Class are owners of real property or interests in real property in Minnesota affected by Defendants' actions and thus have standing to seek declaratory and/or injunctive relief.

39. The railroad Rights of Way within which Defendants have installed, or had others install, their Telecommunications Cable Systems, are limited to the surface of the land and may be used only for railroad purposes. The right to license or consent to all non-railroad uses on the land encumbered by the railroad Rights of Way belongs to Plaintiffs and members of the Class. Thus, the commercial-telecommunications use of the Rights of Way by Defendants is unlawful.

40. Plaintiffs' and members of the Class' remedies at law are inadequate and they will suffer irreparable harm absent injunctive relief.

41. Plaintiffs pray that this Court enter a judgment declaring that: Defendants have no right to install, maintain, or use their Telecommunications Cable Systems within the railroad Rights of Way; Defendants have no legal right to possess the property beneath the railroad Rights of Way; Defendants may not lawfully continue to maintain and use their Telecommunications Cable Systems within the railroad Rights of Way; Defendants be enjoined from using the railroad Rights of Way; Defendants be ordered to remove their Telecommunications Cable Systems from the railroad Rights of Way; and the Railroads have no legal right to allow non-railroad use of the Rights of Way.

### **Prayer for Relief**

WHEREFORE, Plaintiffs pray for the following relief:

1. That this Court certify the Class described herein, and name Plaintiffs as the representatives of the Class and Plaintiffs' counsel as counsel for the Class.

2. That this Court enter a judgment against Defendants in an amount sufficient to compensate Plaintiffs and other Class members for the direct and consequential damages caused by Defendants' trespass, and for attorneys' fees, costs, and expenses, and for all other relief deemed just and proper by the Court.

3. That this Court enter a judgment against Defendants in an amount equal to the amount by which Defendants have been unjustly enriched as a result of their unlawful entry upon, use, occupation, and collection of rents and profits from Plaintiffs and Class members, and for attorneys' fees, costs, and expenses, and for all other relief deemed just and proper by the Court.

4. That this Court enter a judgment against Defendants in an amount sufficient to compensate Plaintiffs and other Class members for the direct and consequential damages caused by Defendants' slander of title, including the costs and expenses necessary to obtain a judicial declaration that the titles of Plaintiffs and other Class members are free and clear of any interest or right of use, possession or occupancy by Defendants, and for attorneys' fees, costs, and expenses, and for all other relief deemed just and proper by the Court.

5. That this Court enter a judgment against Defendants declaring that: Defendants have no right to bury, maintain, or use their Telecommunications Cable Systems within the railroad Rights of Way; Defendants have no legal right to possess the property beneath the railroad Rights of Way; Defendants may not lawfully continue to maintain and use their Telecommunications Cable Systems within the railroad Rights of Way; Defendants be enjoined from using the railroad Rights of Way; Defendants be ordered to remove the Telecommunications Cable Systems from the railroad Rights of Way; and the Railroads have no legal right to allow non-railroad use of the Rights of Way; for attorneys' fees, costs, and expenses; and for all other relief deemed just and proper by the Court.

6. That the Court enter an award of punitive or exemplary damages against Defendants in an amount to be determined by a jury.

Dated this 21st day of November, 2011.

*/s/ Dan Millea*
Dan Millea (Minn. Bar No. 245963)
**ZELLE HOFMANN VOELBEL & MASON LLP**
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
Telephone: (612) 339-2020
Facsimile: (612) 336-9100
E-Mail: dmillea@zelle.com
COUNSEL FOR PLAINTIFFS