UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 9-M CORP., INC., DAISY S. CHRISTIE, and JANICE IRENE FLOWERS, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT COMMUNICATIONS COMPANY L.P., QWEST COMMUNICATIONS COMPANY, LLC, and WILTEL COMMUNICATIONS, LLC,<br><br>Defendants. | Civil No. 11-3401 (DWF/JSM)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY FEES AND EXPENSES TO SETTLEMENT CLASS COUNSEL** |

Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiffs in this class action have moved for an award of attorney fees and expenses to Settlement Class Counsel. Under Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law. The Court does so, as follows, in granting the motion:

**FINDINGS OF FACT**

1.  This class-action settlement resolves a property-rights dispute, which arises out of the installation of fiber-optic cable on railroad rights of way by Sprint Communications Company L.P., Qwest Communications Company, LLC f/k/a Qwest Communications Corporation, and WilTel Communications, LLC (the "Settling Defendants"). The claims resolved by the Settlement affect parcels of land in Minnesota covering 426 miles of rights of way throughout the state.

2.      On May 15, 2012, the Court entered an order preliminarily approving the settlement, certifying the settlement class, and approving the form and manner of notice.

On July 31, 2012, the claims administrator mailed notices to 9,028 current and prior property owners along railroad rights of way in Minnesota containing telecommunications facilities installed by the Settling Defendants, and opened a settlement call center and website.  The notice, which was posted on the website, advised in pertinent part:

> The Court will decide how much Class Counsel and any other lawyers will be paid.  Class Counsel will ask the Court for attorneys' fees, costs and expenses of $548,000. . . .  The Defendants will separately pay these fees and expenses and the payment will not reduce the benefits available for the Class.

Notice at 8.  The Notice further advised that the Court would hold a Fairness Hearing on November 9, 2012, at which time the Court would "consider how much to pay Class Counsel." *Id*.  Following publication of the class notice, no class members objected to the proposed award of attorney fees and expenses.  On November 9, 2012, the Court held the final Fairness Hearing.

3.      The Settlement Agreement provides in pertinent part:  "Settlement Class Counsel may seek from the Court a cash award of fees and expenses from the Settling Defendants, in an amount not to exceed the Maximum Attorneys' Fee Award, to which the Settling Defendants will not object."  Settlement Agreement § II.E.1.  The Settlement Agreement defines the Maximum Attorneys' Fee Award as $548,000.  Settlement Agreement Definitions.  The Settlement Agreement further provides that "the Settling Defendants shall deposit any attorney fee award approved by the Court, which shall not

exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account established with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final." Settlement Agreement § II.E.2.

4. The escrow account established with U.S. Bank is a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B. The escrow account is maintained by U.S. Bank in New York, New York, with the Garretson Firm Resolution Group, Inc. ("GFRG") serving as the Fund Administrator. These arrangements are consistent with the terms of an Escrow Agreement entered into as of August 26, 2011 between certain Settlement Class Counsel, U.S. Bank, and GFRG.

5. Settlement Class Counsel estimate that a minimum of $1,103,000 in cash benefits are available for class members to claim. Administrative costs—to be paid separately by the Settling Defendants—in creating and updating a sophisticated database to notify class members, implement the Settlement, and process claims, are estimated at an additional $450,000. The agreed-to attorney fees and non-taxable costs of approximately $548,000—which will not reduce benefits payable to class members—bring the total gross value of the Settlement to roughly $2,101,000.

## CONCLUSIONS OF LAW

1. Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions

under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) and (3).  In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B).  Notice of this fee-award motion was provided in the class notice and on the website.

     2.    In the Eighth Circuit, "[c]ourts utilize two main approaches to analyzing a request for attorney fees[,] the 'lodestar' methodology [and] . . . the 'percentage of the benefit' approach."  *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244 (8th Cir. 1996).  The percentage-of-the-benefit, or percentage-of the-fund approach "permits an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation."  *Id.* at 244-45.  "It is well established in this circuit that a district court may use the 'percentage of the fund' methodology to evaluate attorney fees in a common-fund settlement."  *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999).

     3.    Under the percentage-of-the-fund method, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorney fees and expenses, and the expenses of administration.  *See Boeing v. Gemert*, 444 U.S. 472, 479 (1980) ("Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.") (citation omitted).  This

calculation applies to precisely the type of settlement presented here, where the Settling Defendants will pay attorney fees separately from the compensation made available to class members.  *See Johnston*, 83 F.3d at 246 ("Although under the terms of each settlement agreement, attorney fees technically derive from the defendant rather than out of the class' recovery, in essence the entire settlement amount comes from the same source.  The award to the class and the agreement on attorney fees represent a package deal.  Even if the fees are paid directly to the attorneys, those fees are still best viewed as an aspect of the class' recovery.").

4. The Court adopts the percentage-of-the-fund approach, and finds that, under it, the agreed-to fee-and-expense request is reasonable as a matter of law.  Here, Settlement Class Counsel estimate that, based on the miles of rights of way covered by the Settlement, if each class member were to claim the available cash benefits, approximately $1,103,000 would be paid to qualifying class members, assuming that no land-grant class members seek the higher non-land grant benefits.  (To the extent those class members do seek and receive the higher amounts, the amount available to the class will increase.)  When estimated administrative costs of $450,000—to be borne by the Settling Defendants—and the agreed-to attorney fees and expenses of $548,000—also to be paid separately by the Settling Defendants—are factored in, the gross value of the Settlement is approximately $2,101,000.  The $548,000 fee-and-expense award therefore represents 26 percent of the fund as a whole.

5. At 26 percent of the value of the fund as a whole, the fee-and-expense award would be well within the range of reasonable percentage-fee awards in this Circuit.

*See, e.g.*, *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (finding "no abuse of discretion in the district court's awarding 36% to class counsel who obtained significant monetary relief on behalf of the class"); *Petrovic*, 200 F.3d at 1157 ("a fee of 24 percent of the monetary benefits in this case appears reasonable"); *Jensen v. Minnesota Dept. of Human Servs.*, Civil No. 09–1775 (DWF/FLN), 2011 WL 6178845, at *2 (D. Minn. Dec. 5, 2011) ("The Court finds that a one-third contingent fee is a fair and reasonable fee considering the complexity of the issues and the substantial efforts of Settlement Class Counsel in this matter, and considering the significant benefits the Settlement affords to the Class . . . ."). The 26-percent fee-and-expense award is especially reasonable here, where, in reaching the Settlement, Settlement Class Counsel engaged in unusually lengthy and hard-fought litigation. In the five similar right-of-way settlements that have received final approval, the federal district courts in Idaho, Illinois, Alabama, North Dakota, and Montana approved fee-and-expense awards to class counsel ranging from 17 to 24 percent of the then-estimated fund.

6.    Here, there are no objections to the proposed fee-and-expense award. *See U.S. Bancorp Litig.*, 291 F.3d at 1038. Here, the Court-approved notice stated that, at the conclusion of the fairness hearing, counsel would seek a fee-and-expense award up to $548,000. The notice also informed class members of their ability to object to the fee-and-expense request. No class member objected to it. The absence of objections or disapproval by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable.

**WHEREFORE** it is **ORDERED** that the motion for an award of attorney fees and expenses to Settlement Class Counsel (Doc. No. [27]) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court approves a fee-and-expense award of $548,000 to Settlement Class Counsel,

**IT IS FURTHER ORDERED** that the Settling Defendants shall deposit the fee-and-expense award approved by the Court into the interest-bearing escrow account—established as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B and as a trust under state law—with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final, that any alleged or actual civil liability against the Settling Defendants for attorney fees arising out of the tort claims resolved by the Minnesota Class Settlement Agreement approved by this Court is satisfied and extinguished through the Settling Defendants' payment of the fee-and-expense award, and that any interest earned on the escrow account shall be recognized as gross income of the Qualified Settlement Fund; and

**IT IS FURTHER ORDERED** that appointment of GFRG as the Fund Administrator for the escrow account is hereby confirmed and that the escrow account shall be governed by the Escrow Agreement entered into as of August 26, 2011 between Settlement Class Counsel, U.S. Bank, and GFRG.

Dated:  November 12, 2012            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge