**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| 9-M CORP., INC., DAISY S. CHRISTIE, and JANICE IRENE FLOWERS, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT COMMUNICATIONS COMPANY, L.P., QWEST COMMUNICATIONS COMPANY, LLC, and WILTEL COMMUNICATIONS, LLC,<br><br>Defendants. | Civil No. 11-3401 (DWF/JSM)<br><br><br>**ORDER AUTHORIZING DISBURSEMENT OF FEE-AND-EXPENSE AWARD FROM ESCROW** |

     Settlement Class Counsel have filed a consent motion for an order approving disbursement from escrow of the fees and expenses the Court awarded in settlement of this class action. The Court awarded the subject fees and expenses in its Findings of Fact and Conclusions of Law on Plaintiff's Motion for Award of Attorneys' Fees and Expenses to Settlement Class Counsel (Doc. No. 37). Pursuant to that award and the terms of the Minnesota Class Settlement Agreement, one Settling Defendant, Qwest, has deposited its portion of the fee-and-expense award into an escrow account established with U.S. Bank in New York; the other Settling Defendants, Sprint and WilTel, are to deposit their portions by December 25. The allocation of the fee-and-expense award among all interested counsel and their agreed percentages are memorialized in a July 6,

2012 Agreement to Arbitrate the Allocation of Attorneys' Fees and Costs Awarded in the Fiber-Optic-Cable Right-of-Way Litigation ("Agreement to Arbitrate") and an arbitration award under the Agreement to Arbitrate.

Upon consideration of the consent motion and the record in this case, **IT IS HEREBY ORDERED** that the consent motion (Doc. No. [41]) is **GRANTED**. It is further **ORDERED** that, under the Agreement to Arbitrate and the arbitration award:

1. Garretson Firm Resolution Group, Inc. shall disburse the Minnesota fee-and-expense award from the Minnesota Fiber Optic Counsel Qualified Settlement Fund, after all current expenses for administering the Fund have been deducted and any accumulated interest has been added, in the following percentages to the following groups of counsel:

    a. 85.956 percent to the 48-Firm Group;[1]

    b. 8.398 percent to William T. Gotfryd;[2] and

    c. 1.2 percent to the Litman Group[3]

---

[1] "The 48-Firm Group" means (1) the attorneys and law firms listed under "The 48-Firm Group" in Schedule A of the Agreement to Arbitrate, all of whom have, through separate agreements, agreed on the allocation of their collective share of Gross Fees between and among themselves and (2) any other counsel who requests an award of the Gross Fees based on representation of a client who is also represented by the 48-Firm Group and which counsel is not William T. Gotfryd, a member of the Litman Group, a member of the Susman Group, or a representative of the Estate of Hugh V. Smith, Jr, as defined in the Agreement to Arbitrate.

[2] "William T. Gotfryd" means William T. Gotfryd, Esq. and any other counsel who requests an award of the Gross Fees based on representation of a client who is also represented by William T. Gotfryd and which counsel is not a member of the Litman Group, a member of the 48-Firm Group, a member of the Susman Group, or a representative of the Estate of Hugh V. Smith, Jr, as defined in the Agreement to Arbitrate.

It is further **ORDERED** that the Susman Group[4] may file a motion requesting disbursement of its 4.446-percent share of the award, but until such time as that motion is filed and granted the Susman Group's share shall remain in escrow.

It is further **ORDERED** that all escrow-account expenses incurred after making the distribution to the 48-Firm Group, William T. Gotfryd, and the Litman Group will be paid for out of the remaining funds held for the Susman Group.

Dated:  December 21, 2012        s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge

---

[3]  "The Litman Group" means Seth A. Litman and Alembik, Fine & Callner P.A; and any other counsel who requests an award of the Gross Fees based on representation of a client who is also represented by the Litman Group and which counsel is not William T. Gotfryd, a member of the 48-Firm Group, a member of the Susman Group, or a representative of the Estate of Hugh V. Smith Jr., as defined in the Agreement to Arbitrate.

[4]  "The Susman Group" means Arthur Susman, Esq.; Susman Heffner & Hurst, LLP; Charles Watkins, Esq.; John Wylie, Esq.; Donaldson & Guin LLC; the attorneys and law firms listed under "The Susman Group" in Schedule A of the Agreement to Arbitrate; and any other counsel who requests an award of the Gross Fees based on representation of a client who is also represented by the Susman Group and which counsel is not a member of the 48-Firm Group, a member of the Litman Group, William T. Gotfryd, or a representative of the Estate of Hugh V. Smith, Jr, as defined in the Agreement to Arbitrate.